The Honorable Steve Higginbothom State Senator Post Office Box 242 Marianna, AR 72360-0242
Dear Senator Higginbothom:
I am writing in response to your request for my opinion on the following questions:
 1. In light of the recent consolidation of the cities of Helena and West Helena, will the newly consolidated city be able to keep two district judges now in place in each city, or will it be reduced to one?
2. If it is reduced to one, which one will remain in place?
RESPONSE
It is my opinion in response to your first question that the two district judgeships remain in place, rendering your second question moot.
This conclusion follows, in my opinion, from the fact that the Arkansas General Assembly has established the Phillips County District Court with two departments and a judge for each department as follows:
 (a)(1) Phillips County shall have one (1) district court with two (2) departments as follows:
(A) One (1) located in Helena; and
(B) One (1) located in West Helena.
(2) One (1) judge for each department.
 (b) The judges of the Phillips County District Court shall be elected countywide.
 (c) The Phillips County District Court shall have countywide jurisdiction.
A.C.A. § 16-17-917 (Supp. 2003).
This statute was enacted pursuant to Amendment 80 to the Arkansas Constitution which, following its adoption by the people at the November, 2000, general election, revised the judicial article of the Arkansas Constitution. The significant provisions for purposes of your question are those pertaining to the "District Courts," which Amendment 80 established as "the trial courts of limited jurisdiction" effective July 1, 2001. Ark. Const. amend. 80, §§ 7(A) and 21.[1] Amendment 80 specifically required that "[t]here shall be at least one District Court in each county." Ark. Const. amend. 80, § 7(C). The Phillips County District Court is that court. Additionally, the amendment authorized the General Assembly to establish the number of judges for district courts. The relevant section in this regard states:
 The General Assembly shall have the power to establish jurisdiction of all courts and venue of all actions therein, unless otherwise provided in this Constitution, and the power to establish judicial circuits and districts and the number of judges for Circuit Courts and District Courts, provided such circuits or districts are comprised of contiguous territories.
Ark. Const. amend. 80, § 10 (emphasis added).[2]
With regard, specifically, to the Phillips County District Court, A.C.A. § 16-17-917, supra, reflects the General Assembly's action in establishing the number of judges for that court pursuant to the foregoing constitutional authority. The statute also identifies the geographical location of the court. The two judges serve two departments, as specified under subsection (a)(1) of § 16-17-917, supra.See also A.C.A. § 16-17-108, as amended by Act 2220 of 2005 (regarding the salaries of the "Helena Department Judge" and the "West Helena Department Judge.") The term "department" is defined as "the physical location where sessions of court are held[.]" A.C.A. § 16-17-901(1) (Supp. 2003).
In my opinion, the existence of these departments and judgeships is unaffected by a consolidation of the cities of Helena and West Helena. The court is constitutionally mandated and the judgeships are constitutionally established. Additionally, my research has disclosed no basis for suggesting that the mere fact of consolidation effects any change in these departments or judgeships. I have reviewed, in this regard, Arkansas Code title 14, chapter 40, subchapter 12, concerning consolidation of municipalities, and have found nothing therein to suggest that there will no longer be two Phillips County District Court judgeships following consolidation of the cities.[3] To the contrary, the emphasis in those statutes upon nondiscriminatory treatment of the former, smaller city's territory in the provision of public services, (see A.C.A. § 14-40-1210 and -1212 (Repl. 1998)), may reinforce the conclusion that the two departments and judgeships remain in place.
With regard to the departments' location, it is my opinion, consistent with the above, that no change will be effected unless and until the legislature acts on the matter. Obviously, the area can no longer be identified as "Helena" and "West Helena" as contemplated by A.C.A. §16-17-917(a), supra. But this would appear to be of no consequence. It is clear from § 16-17-901's definition of "department" that the legislature was identifying a geographic territory for holding court; and as indicated above, I have found nothing to suggest that this is impacted by the mere fact of consolidation.
With regard to your first question, therefore, pending legislative action to the contrary, it is my opinion that the two departments of the Phillips County District Court will continue to be located in the territory comprising the former Cities of Helena and West Helena, and that the judgeships for those departments remain in place notwithstanding a consolidation of the two cities. This response renders your second question moot.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: EAW/cyh
[1] District courts were established as the successors of municipal courts. Ark. Const. amend. 80, §§ 7(A) and 19(B)(2) and (C). See also Act 1693 of 2001 (codified at A.C.A. § 16-17-132 (Supp. 2001), designating "municipal courts" as "district courts" effective July 1, 2001) and Op. Att'y Gen 2001-297 (discussing these constitutional and statutory provisions).
[2] Acting under this authority, the General Assembly enacted Act 1727 of 2003 (A.C.A § 16-17-901 et seq., (Supp. 2003). This act established the judicial court districts effective January 1, 2005, and fixed the number of district judges to serve those courts. See generally Op. Att'y Gen. 2003-240. For recent amendments of this law, see Act 72 of 2005 (clarifying the creation and locations of the departments of several district courts).
[3] When the consolidation is declared by order of the county court, the smaller city and the territory comprising it are made a part of the larger city. A.C.A. § 14-40-1203(b)(1)(C) (Supp. 2003). I note that in this event the terms of all officers of the smaller municipality "shall cease upon and after the consolidation." A.C.A. § 14-40-1208 (Repl. 1998). I interpret this to apply to officers mentioned in subtitle 3 of title 14 pertaining to "municipal corporations" or to those offices created under the authority of that subtitle. This clearly would not include a district court judgeship; nor could it, constitutionally, in light of the four-year term specific for district judges under Amendment 80. Ark. Const. amend. 80, § 16(C).